# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | | |
|---|---|---|
| **EDWARD DANE JEFFUS,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **CV 06-B-1400-E** |
| | ) | |
| **D.B. DREW,** | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Petitioner Edward Dane Jeffus was convicted in 1993 in the Middle District of North Carolina of distributing cocaine and marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and he was also convicted in 1995 in the Eighteenth Judicial Circuit of Florida, Melbourne Division, of trafficking cocaine. (Doc. 1 at 1-2 and Exs. L, R.)[1] He was sentenced to serve 360 months in custody on the federal charge and 17 years on the state charge. Pursuant to 28 U.S.C. § 2241, petitioner now challenges the constitutionality of the federal conviction and the detainer, which has been lodged with the Federal Bureau of Prisons concerning the state conviction.

Petitioner raises two claims for relief. First, he asserts that "the search that led to his arrest on August 1, 1991, violated the Fourth Amendment because it was conducted during an unauthorized license check after the first check came back negative for any violations and

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

the officer articulated no objective reason for conducting a second license check." (Doc. 52 at 11-12.) Second, he alleges that "the seizure on June 12, 1992, also violated his Sixth Amendment right to counsel . . . because the evidence was seized by the arresting officers from the Petitioner's person for the sole purpose of proving pending indicted charges." (*Id*. at 12.)

## I. BACKGROUND

The Magistrate Judge issued a Report recommending that the Petition be denied and dismissed. (Doc. 49.) Petitioner has filed Objections to the Report and the Recommendation, (doc. 52); Motion for Leave to Supplement Objections, (doc. 53); and Motion to Amend, (doc. 54), asking for leave to amend the jurisdiction statement in his Petition and Objections. Also pending before the court are other various motions, including petitioner's Motion to Strike, (doc. 39); Motion to Amend, (doc. 41); Motion for Evidentiary Hearing, (doc. 42); Motion for Sanctions, (doc. 43); and Motion for Leave to Supplement with Respect to Jurisdiction under the AEDPA, (doc. 48).

For the reasons set forth below, petitioner's Motion for Leave to Supplement with Respect to Jurisdiction under the AEDPA, (doc. 48); Motion for Leave to Supplement Objections, (doc. 53); and Motion to Amend, (doc. 54), will be granted. The court has considered these documents in its review of the Report and Recommendation. Petitioner's Motion to Strike, (doc. 39); Motion to Amend, (doc. 41); Motion for Evidentiary Hearing, (doc. 42); and Motion for Sanctions, (doc. 43), will be denied as moot.

## II. DISCUSSION

The Magistrate Judge initially found that the claims in the Petition were barred from substantive review because Petitioner had not properly raised the claims in his Petition filed pursuant to 28 U.S.C. § 2241. (Doc. 49 at 12.) Petitioner objected to the Report and Recommendation, arguing that the Magistrate Judge

    (1)    dismissed his petition without concluding

            (a)    that his present constitutional claims have been "considered, much less resolved on their merits,"

            (b)    that petitioner's conduct or inexcusable neglect in the prior proceedings disentitled him to relief in this matter,

            (c)    that the petition was an abuse of the writ of habeas corpus, or

            (d)    that the prior proceedings were adequate or effective to test the legality of his detention, (doc. 52 at 4-5);

    (2)    failed to recognize that petitioner is still not incarcerated in the Northern District of Georgia, (*id*. at 7, 18-19);[2]

    (3)    improperly allowed the respondent to "replead in defense to the petition by issuing a second show cause" order, (*id*. at 9);

    (4)    failed to add his [petitioner's] current custodian to this action,[3] (*id*. at 10);

---

[2]Petitioner is incarcerated in the Federal Correctional Institution in Jessup, Georgia, which is located within the Southern District of Georgia.

[3]Additionally, petitioner argues that this failure "strongly indicates that the magistrate judge never intended to give any serious consideration to the petition and only intended to act as a rubberstamp for the government." (Doc. 52 at 10.)

3

(5)  improperly "characteriz[ed] the substance of his petitions for a writ of mandamus filed with the Eleventh Circuit Court of Appeals during the pendency of this action," (*id*.);

(6)  failed "to find or discuss the factual allegations, and the documents and evidence supporting those averments, when stating the two claims . . . were procedurally defaulted," (*id*. at 11);

(7)  did not "find or discuss why 'the petitioner contends that his § 2255 remedy is inadequate or ineffective to test the legality of his detention,'" (*id*. at 14);

(8)  failed "to consider all of the [p]etitioner's alternative bases for the court's jurisdiction," (*id*. at 15);

(9)  characterized his "filings as a 'slew of documents' without discussing the merits of any," (*id*. at 17);

(10)  improperly decided objections to his own rulings and failing to submit other objections[4] to the district court as required (*id*. at 19);

(11)  failed to rule on and make findings concerning all of his pending motions, (*id*.);

(12)  failed to rule on his motion to strike the respondent's answer and his motion for Rule 11 sanctions, (*id*. at 20);

(13)  failed to include petitioner's motion for leave to supplement his jurisdictional claim "in the slew of documents" listed in the report, (*id*. at 20-21);

(14)  improperly made "findings with respect to the substance of the Respondent's Response to the Second Order to Show Cause," (*id*. at 21-22);

---

[4]Petitioner specifically refers to documents 7, 8, 27, 31 and 37 in the court's record. (Doc. 52 at 19.)

4

(15) improperly "characteriz[ed] why the [p]etitioner claims the § 2255 court did not address the merits of the constitutional claims raised in that and this action as being woefully incomplete to the point of being misleading," (*id*. at 22-24);

(16) "fail[ed] to find why the [p]etitioner argued that the § 2255 court could not or did not address the merits of the claims raised herein in the § 2255 proceeding because it disposed of the petition under the standards Tollett v. Henderson, 411 U.S. 258, 267, 93 S. Ct. 1602, 36 L. Ed. 2d 235 (1973) . . .," (*id*. at 24);

(17) improperly determined that "the Fourth Circuit Court of Appeals' [denial of his earlier] motion under § 2244 has any preclusive effect in this court . . .," (*id*. at 25);

(18) "finding that a § 2255 filed in the sentencing court is the only mechanism for collaterally attacking a federal sentence for any error that occurred prior to sentencing or that United States v. Flores, 616 F.2d 840 (5th Cir. 1980) stands for that proposition or bars relief in this case," (*id*.);

(19) finding that "§ 2244 requires that a movant first obtain court of appeals permission before the filing [or [sic] a numerically second habeas application]," (*id*. at 26);

(20) finding that "Howard v. United States, 374 F.3d 1068, 1070 (11th Cir. 2004) holds that 'this court must necessarily consider the petitioner's application as a motion to vacate under § 2255 unless the petitioner can demonstrate an exception to the general rule permitting relief under § 2241,'" (*id*. at 28);

(21) concluding that *Wofford's* "'three prong test must be met before a court may entertain § 2255 claims under § 2241, and that actual innocence is the touchstone for relief,'" (*id*. at 32); and,

(22) using of certain "legal standards," (*id*. at 33-43.)

In his Motion for Leave to Supplement Objections, petitioner asserts that this matter should be treated as an independent action in equity or permitted under a fraud-on-the-court

5

basis and allowed to proceed to a hearing. (Doc. 53 at 4.) Also, he argues that his Petition should be considered a Rule 60(b)(6) motion.[5] (*Id*. at 7-10.)

The court has considered the entire record in this action, including the Report and Recommendation and petitioner's Objections, and it independently concludes that the Report and Recommendation is due to be adopted and approved. The court hereby adopts and approves the findings and recommendation of the Magistrate Judge as the findings and conclusion of the court. In accordance with the recommendation, this petition for writ of habeas corpus is due to be denied and dismissed.

Specifically, this court agrees with the finding of the Magistrate Judge that this Petition is improperly filed pursuant to 28 U.S.C. § 2241. In the typical situation, a defendant challenges the validity of his federal conviction or sentence by filing a motion under 28 U.S.C. § 2255.[6] However, the savings clause of § 2255 permits federal prisoners to file a habeas petition pursuant to § 2241 in limited circumstances. *See* 28 U.S.C. §§ 2241(a), 2255. The savings clause of 28 U.S.C. § 2255(e) provides:

---

[5]Rule 60(b)(6) of the Federal Rules of Civil Procedure provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

. . .

(6) any . . . reason that justifies relief.

[6]Similarly, in the typical situation, a defendant convicted in State court files his petition challenging that conviction and sentence pursuant to 28 U.S.C. § 2254.

6

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Thus, § 2241 may be used *only* if the remedy under § 2255 is inadequate or ineffective. *Id*.; *see also Darby v. Hawk-Sawyer*, 405 F.3d 942, 945 (11th Cir. 2005)("The 'savings clause' of § 2255 permits a prisoner to file a § 2241 petition only if an otherwise available remedy under § 2255 is 'inadequate or ineffective' to test the legality of his detention."). The Eleventh Circuit Court of Appeals has held that § 2255 is inadequate or ineffective within the meaning of the savings clause when:

> (1) that claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; *and* (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

*Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999). If all three of these criteria are met, "the savings clause of § 2255 applies to open the portal to a § 2241 proceeding." *Id*. at 1244 and n.3. The burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the section 2255 remedy rests with petitioner. *See McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979).[7]

---

[7] Decisions of the former Fifth Circuit Court of Appeals rendered prior to October 1, 1981, constitute binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

7

In this case, petitioner does not claim that he was convicted of a crime that a retroactively applicable Supreme Court decision has made nonexistent. Instead, he challenges the two searches and seizures that led to the recovery of certain evidence that was used against him by the prosecution. Despite his contentions to the contrary, trial counsel challenged these searches and seizures, or had ample opportunity to challenge them, before petitioner's plea of guilty, on direct appeal, and in his previous §§ 2254 and 2255 petitions. Because petitioner cannot satisfy the *Wofford* test, the savings clause of § 2255 does not apply, and, therefore, he cannot open the portal to a § 2241 proceeding.

Petitioners first Objections to the Report and Recommendation are based on his assertion that his claims must be reviewed because they have not been determined on the merits. (Doc. 52 at 4-5.) The court disagrees. The savings clause of § 2255 does not permit review under § 2241 because the merits of petitioner's claims were not addressed by the trial court. Rather, petitioner must show that his remedy under § 2255 was inadequate or ineffective to test the legality of his detention. *See* 28 U.S.C. § 2255(e). This he has failed to do. His Objections to the Report and Recommendation on this ground are due to be overruled.

Petitioner's second Objection is that the Magistrate Judge mistakenly characterized his present location of incarceration. (Doc. 52 at 7, 18-19.) That fact is noted, but does not impact the merits of the court's disposition of this case. Accordingly, petitioner's Objection is due to be sustained and has been noted by the court.

Petitioner's third Objection concerns the Magistrate Judge's decision to allow respondent to "replead in defense to the petition." (*Id*. at 9.) After the first Show Cause Order was issued, respondent filed a Motion to Dismiss or Transfer this action because petitioner was not confined in this District. However, the Motion erroneously identified petitioner's district of confinement as the Northern District of Georgia instead of the Southern District of Georgia. Accordingly, this case was transferred to the Northern District of Georgia and then returned to this court. Thereafter, the Magistrate Judge entered a second Order to Show Cause concerning the claims asserted by petitioner. Petitioner objects to respondent's Reply to this Order. Under the circumstances, the court finds that requiring respondent to address petitioner's claims after the matter was returned to this court was not in error. Petitioner's Objection on this ground is overruled.

Petitioner's fourth and fifth Objections concern the Magistrate Judge's failure to add his current custodian as a party to this action, and the judge's purported mischaracterization of the substance of his petition before the Eleventh Circuit Court of Appeals. (*Id*. at 10.) These Objections do not impact the disposition of the merits of this petition. Accordingly, they are due to be overruled.

Petitioner's sixth Objection asserts that the Magistrate Judge failed to address and discuss all of the allegations, evidence, and documents presented by petitioner. (*Id*. at 11.) This Objection is due to be overruled as this court has examined and reviewed the entire record in accordance with controlling precedent of the Eleventh Circuit Court of Appeals.

Petitioner's seventh Objection alleges that the Magistrate Judge did not discuss his allegations that the § 2255 remedy is inadequate or ineffective. (Doc. 52 at 14.) Contrary to petitioner's allegations, the Magistrate Judge discussed this matter and found that petitioner's § 2255 remedy was not inadequate or ineffective. As already noted, the present action is not authorized because petitioner's claims were or could have been raised previously. This Objection is due to be overruled.

Petitioner's eighth Objection is that the Magistrate Judge failed to consider all of petitioner's alternative jurisdictional bases. (*Id.* at 15.) This Objection is due to be overruled because none of the asserted alternative bases for jurisdiction warrant further review. To the extent petitioner argues that his claims should be reviewed premised upon a purported fraud on the original court, this court disagrees for a number of reasons. First, petitioner has not demonstrated that a fraud has occurred. The United States Supreme Court has stated:

> Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence . . . . Rule 60(b)(6), the particular provision under which petitioner brought his motion, permits reopening when the movant shows "any . . . reason justifying relief from the operation of the judgment" other than the more specific circumstances set out in Rules 60(b)(1)-(5).

*Gonzalez v. Crosby*, 545 U.S. 524, 528-29 (2005). Petitioner has not met this standard. Second, even if petitioner could prove there was some fraud on the trial court, Rule 60 does not obviate the requirements of § 2255.

Similarly, petitioner's claim that the Supreme Court's holding in *Lackawanna County*

*D.A. v. Coss*, 532 U.S. 394, 405-06 (2001), requires substantive review of his claims is without merit.  The Court in *Coss* noted the general rule that a defendant properly bears the consequences of either forgoing otherwise available review of a conviction or failing to successfully demonstrate constitutional error.  Thus, the *Coss* decision does not support plaintiff's claim for relief.

Petitioner's ninth Objection is to the Magistrate Judge's characterization of his filings as a "slew of documents."  (Doc. 52 at 17.)  The court finds no error in this characterization as petitioner did file many documents.  Petitioner's Objection is due to be overruled.  The court notes that Magistrate Judge's characterization does not impact this court's decision on the Petition.

Petitioner's tenth Objection is that the Magistrate Judge ruled "on objections to his own rulings and fail[ed] to submit other objections to the district court."  (*Id*. at 19.)  In support of this contention, he refers to documents 7, 8, 27, 31, and 37 in the record.  (*Id*.) This Objection does not challenge the merits of the Magistrate Judge's findings and recommendation in the Report under consideration.  Accordingly, this Objection is due to be overruled.

Petitioner's eleventh Objection is that the Magistrate Judge failed to rule on and make findings concerning all of his pending motions.  *Id*.  As discussed below, premised on the court's determination that the present petition is barred from review, petitioner's Objection to the lack of rulings on certain motions, is due to be overruled.

Petitioner's twelfth Objection is that the Magistrate Judge failed to rule on his motion to strike respondent's answer and for Rule 11 sanctions. (*Id*. at 20.) As already noted, respondent's second response is not due to be struck. It was responsive to the court's Order to Show Cause. Additionally, the court finds no actions of respondent warrant the imposition of Rule 11 sanctions. This Objection is due to be overruled.

Petitioner's thirteenth Objection is that the Magistrate Judge failed to include petitioner's Motion for Leave to Supplement His Jurisdictional Statement "in the slew of documents" listed in the report. (*Id*. at 20-21.) Although this particular document was not listed in the footnote in the Report and Recommendation, it has been considered by this court along with petitioner's other Objections. Therefore, this Objection is due to be overruled.

Petitioner's fourteenth Objection is that the Magistrate Judge failed to find that respondent's Answer was not responsive. (*Id*. at 21-22.) Specifically, he asserts that the answer was not responsive to the merits of his claims, it erroneously referenced *Booker*,[8] and it failed to show that his petition was successive under *Wofford*. (*Id*.) Considering the record, the court finds that this Objection is without merit and, therefore, is due to be overruled.

Petitioner's fifteenth Objection is to "the Magistrate Judge's characterization of why the [p]etitioner claims the § 2255 court did not address the merits of the constitutional claims raised in that and this action as being woefully incomplete to the point of being misleading."

---

[8]*United States v. Booker*, 543 U.S. 220 (2005).

(*Id*. at 22.) Considering this Objection in view of the entire record, the court finds it is without merit and, therefore, is due to be overruled.

Petitioner's sixteenth Objection is that the Magistrate Judge "fail[ed] to find why the [p]etitioner argued that the § 2255 court could not or did not address the merits of the claims raised herein in the § 2255 proceeding because it disposed of the petition under the standards of Tollett v. Henderson, 411 U.S. 258, 267, 93 S. Ct. 1602, 36 L. Ed. 2d 235 (1973) . . . ." (Doc. 52 at 24.) The court finds that petitioner's Objection is due to be overruled. The original § 2255 court acted properly in addressing the claims before it, and, therefore, this court is precluded from addressing the claims presently raised.

Petitioner's seventeenth Objection is to the Magistrate Judge's "implication that the Fourth Circuit Court of Appeals' [denial of his earlier] motion under § 2244 has any preclusive effect in this court . . ." (*Id*. at 25.) This Objection relates to the reference in the Report and Recommendation that the Fourth Circuit Court of Appeals denied petitioner's previous motion seeking permission to file a second or successive § 2255 motion. (*Id*. [citing doc. 49 at 8, n.11].) The Objection is due to be overruled. The reference is to a relevant fact that must be considered by this court in evaluating petitioner's claims and respondent's answer.

Petitioner's eighteenth Objection concerns the "finding that a § 2255 [motion] filed in the sentencing court is the only mechanism for collaterally attacking a federal sentence for any error that occurred prior to sentencing or that United States v. Flores, 616 F.2d 840 (5th

13

Cir. 1980) stands for that proposition or bars relief in this case." (Doc. 52 at 25.) The statement in the Report and Recommendation about which petitioner complains provides that "§ 2255 is the primary mechanism for collaterally attacking a federal sentence for any error that 'occurred at or prior to sentencing.'" (Doc. 49 at 8.) This is a correct statement of law, and petitioner's Objection does not alter the court's determination of this matter. Therefore, this Objection is due to be overruled.

Petitioner's nineteenth Objection is to the finding that "§ 2244 requires that a movant first obtain court of appeals permission before the filing [or (sic) a numerically second habeas application]." (Doc. 52 at 26.) He asserts that he should be allowed to proceed in this court on the present petition because his prior remedies were inadequate and ineffective to test the legality of his convictions. (*Id*.) This court disagrees. This Objection is due to be overruled.

Petitioner's twentieth Objection is to the finding in the Report and Recommendation that "Howard v. United States, 374 F.3d 1068, 1070 (11th Cir. 2004), holds that 'this court must necessarily consider petitioner's application as a motion to vacate under § 2255 unless petitioner can demonstrate an exception to the general rule permitting relief under § 2241.'" (Doc. 52 at 28.) First, petitioner's characterization of the Magistrate Judge's citation to the "holding" of *Howard* is incorrect. The Magistrate Judge merely noted that the *Howard* court approved of the lower court's construction of the pleading in that case. (*See* doc. 49 at 9 [citing *Howard*, 374 F.3d at 1070].) In support of his Objection, petitioner asserts that under *Howard*, the court reviewing these Objections should find that the respondent "must lose and

14

the [p]etitioner must prevail" because the only defense raised in the original answer is "a lack of in personam jurisdiction over the [p]etitioner." (Doc. 52 at 31.) In *Howard*, the court held that the failure of the United States and the trial judge to raise the defense of procedural default in the lower court prevented the government from benefitting from such a defense on appeal. *Howard*, 374 F.3d at 1073. That situation is distinct from the present one in that the Magistrate Judge required the second special report and the respondent properly raised the procedural default in the second answer. Therefore, this Objection is due to be overruled.

Petitioner's twenty-first Objection is to the legal conclusion in the Report and Recommendation that *Wofford's* "'three prong test must be met before a court may entertain § 2255 claims under § 2241, and that actual innocence is the touchstone for relief.'" (Doc. 52 at 32.) He further argues that *Wofford* is easily distinguishable from this case because petitioner in *Wofford* received an evidentiary hearing on the ineffective assistance of counsel issue in that case. (*Id*.) Even if *Wofford* is factually distinguishable, petitioner is not entitled to relief because he has not shown that the prior avenues of relief available to him, *e.g.*, objection at trial, direct appeal, and § 2255, were "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e). This Objection is due to be overruled.

Petitioner's twenty-second Objection is to the legal standards used by the Magistrate Judge. (Doc. 52 at 33-43.) He asserts in this Objection that he is entitled to review and relief on his claims because he "did not receive a ruling on the merits" of his claims in the previous proceedings through no fault on his part. (*Id*. at 34.) He also argues that "a prior proceeding

15

can be inadequate, not just when no ruling on the merits was reached, but also when a court either applies the wrong standard or unreasonably applies the correct standard. In this case, the §§ 2255 and 2254 courts did both." (*Id*. at 43.) Contrary to petitioner's assertions, this court finds that the review by and the determinations of the other courts do not justify a finding that the prior proceedings were inadequate or ineffective to test the legality of his convictions. This Objection is due to be denied.

Finally, petitioner argues in his Supplemental Objections, (doc. 53), that this court should consider his petition "under the independent action in equity doctrine prescribed in Bankers Mortgage Company v. United States, 423 F.2d 73, 78-79 (5th Cir. 1970) and the fraud on the court doctrine made applicable to habeas corpus proceedings in Gonzalez v. Crosby, 545 U.S. 524, 532 n.5, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005)." (Doc. 53 at 4.) Upon consideration, the court finds that these alternative theories for jurisdiction do not obviate the requirement petitioner show that the prior proceedings were inadequate or ineffective to test the legality of his convictions, *see* 28 U.S.C. § 2255(e), which he has failed to do. Therefore, these Objections are due to be overruled.

## **CONCLUSION**

Based on the foregoing, the court finds petitioner's application for relief under § 2241 is due to be denied, and his claims are due to be dismissed. The court also finds petitioner's Motion for Leave to Supplement with Respect to Jurisdiction under the AEDPA, (doc. 48); Motion for Leave to Supplement Objections, (doc. 53); and Motion to Amend, (doc. 54), will

be granted. The court has considered these documents in its review of the Report and Recommendation. Petitioner's Motion to Strike, (doc. 39); Motion to Amend, (doc. 41); Motion for Evidentiary Hearing, (doc. 42); and Motion for Sanctions, (doc. 43), will be denied as moot. An Order will be entered contemporaneously with this Memorandum Opinion.

The Clerk is **DIRECTED** to serve a copy of this Memorandum Opinion upon the petitioner and counsel for the respondent.

**DONE**, this the 31st day of March, 2008.

                                        */s/ Sharon Lovelace Blackburn*
                                        SHARON LOVELACE BLACKBURN
                                        CHIEF UNITED STATES DISTRICT JUDGE