FILED
2009 Mar-31 PM 03:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **EDWARD DANE JEFFUS,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 06-B-1400-E |
| | ) |
| **D.B. DREW,** | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

This case is before the court on petitioner's Motion to Alter or Amend Judgment and Findings.  (Doc. 58.)[1]  For the reasons previously stated in the memorandum opinion (doc. 56), and those now revisited, petitioner's Motion to Alter or Amend is due to be denied.

The court has previously held that the Petition (doc. 1) was improperly filed pursuant to § 2241.  (Doc. 56, p. 6.)  Nothing petitioner presents in his Motion to Alter or Amend changes the court's conclusion.  As the court explained in its memorandum opinion, "[t]he savings clause of § 2255 does not permit review under § 2241 because the merits of petitioner's claims were not addressed by the trial court.  Rather, petitioner must

---

[1] "Doc. __" refers to the document number that the Clerk of the Court assigns to a filing when it is made.

show that his remedy under § 2255 was inadequate or ineffective to test the legality of his detention." (Doc. 56, p. 8.)

The general method for a federal prisoner to collaterally attack the legality of his imprisonment is by motion in the sentencing court, pursuant to 28 U.S.C. § 2255.  *See also Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003).  Although federal courts also have jurisdiction to grant the writ of habeas corpus pursuant to 28 U.S.C. § 2241, § 2255(e) limits habeas corpus under § 2241.  Specifically, § 2255(e) states that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained if it appears that . . . the court which sentenced him . . . has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*."  28 U.S.C. § 2255(e) (emphasis added); *Darby v. Hawk-Sawyer*, 405 F.3d 942, 945 (11th Cir. 2005). Within the meaning of § 2255(e) "inadequate or ineffective to test the legality of the detention" is limited to the following narrow circumstance:

> (1) [the] claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

*Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999); *Darby*, 405 F.3d at 945 (reciting the *Wofford* test).  When a petitioner meets those conditions, "the savings clause of § 2255 applies to open the portal to a § 2241 proceeding." *Wofford*, 177 F.3d at 1244.

The petitioner in this case did not make such a showing, and the Motion to Alter or Amend gives no indication that he now can make such a showing. In the Motion, petitioner contends "the court failed to consider . . . intervening § 2241 authority from the circuit that the Eleventh Circuit relied on in its decision in Wofford v. Scott." (Doc. 58, p. 2.) The memorandum opinion, however, expressly stated that the court considered petitioner's submission. (Doc. 56, p. 2.) Post-*Wofford* § 2241 decisions from another circuit, whether handed down by a "circuit that the Eleventh Circuit relied on . . . in Wofford" or not, did not affect the court's application of *Wofford* to this petition. Furthermore, petitioner's reliance on *Collins v. Holinka*, 510 F.3d 666 (7th Cir. 2007), is misplaced. (Doc. 55.) In *Collins*, the Seventh Circuit found a district court erred by *converting* a § 2241 habeas petition into a § 2255 motion and dismissing the petition as being a second or successive § 2255 motion. *Collins*, 510 F.3d at 666-67. In this case, the court has treated petitioner's filing as a petition for the writ of habeas corpus under § 2241. (Doc. 56, p. 1, 6.) The court has not converted petitioner's filing to a § 2255 motion; rather, the court has found that availability of an action under § 2241 is foreclosed in this case by the prohibition in § 2255(e).

For the foregoing reasons, petitioner's Motion to Alter or Amend Judgment and Findings is due to be denied. An Order in accordance with this opinion will be entered denying petitioner's motion.

**DONE**, this the 31st day of March, 2009.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE